IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,359-01






EX PARTE CLAYTON STERLING MAAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11049 IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that trial counsel failed to advise him of the deadlines for filing notice
of appeal. On September 14, 2011, we remanded this application and directed the trial court to make
findings of fact as to whether: (1) Applicant was entitled to be in the appellate process; (2) trial
counsel advised Applicant of the deadlines for filing notice of appeal; and (3) Applicant would have
filed notice of appeal had he known what the deadlines were. On remand, after holding a live
evidentiary hearing, the trial court did not make a finding as to whether trial counsel advised
Applicant of the deadlines for filing notice of appeal. (1) The trial court also did not make a finding as
to whether Applicant would have filed notice of appeal had he known what the deadlines were. The
trial court found that Applicant produced no evidence that he would have done so. We are not able
to determine from this finding whether Applicant would have filed notice of appeal had he known
what the deadlines were.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to submit an affidavit and respond to Applicant's claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 The trial court shall make further findings of fact as to whether trial counsel advised
Applicant of the deadlines for filing notice of appeal and whether Applicant, had he known what the
deadlines were, would have filed notice of appeal. The trial court shall then determine whether trial
counsel consulted and advised Applicant "concerning meaning and effect of the judgment rendered
by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and
taking other steps to pursue an appeal," and whether trial counsel expressed "his professional
judgment as to possible grounds for appeal and their merit, and delineating advantages and
disadvantages of appeal." Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988); see also
Jones v. State, 98 S.W.3d 700, 702-03 (Tex. Crim. App. 2003). The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 7, 2011

Do not publish

1. The trial court did find that it failed to advise Applicant of such deadlines. But trial
counsel is the "best source of such advice," and "it is his duty as an attorney to give it." Ex parte
Axel, 757 S.W.2d 369, 373 (Tex. Crim. App. 1988).